STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

March 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN P. PICKENS III,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0893** (BOR Appeal No. 2045414)
                    (Claim No. 2010104676)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**ALCAN ROLLED PRODUCTS – RAVENSWOOD, LLC,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner John P. Pickens, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 22, 2011, in which the Board affirmed a December 10, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 13, 2009, decision holding the claim compensable for hearing loss with a date of last exposure of March 16, 1997. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Pickens worked for Alcan Rolled Products in the casting department. The claim was held compensable for hearing loss with a date of last exposure of March 16, 1997. The Board of Review, the Office of Judges, and the claims administrator held that the date of exposure was March 16, 1997, even though Mr. Pickens continued to work for Alcan Rolled Products until February 22, 2007.

Mr. Pickens argues that the date of last exposure should match his last date of employment because he was exposed to the noise until his employment ended. Alcan Rolled Products maintains that the Board of Review used the correct date of last exposure because it has been in compliance with the OSHA regulations regarding excessive noise from March 17, 1997, through February 22, 2007. Mr. Pickens introduced a letter and several medical exhibits as evidence in regard to the date of last exposure without any indication of involvement from his attorney. The Office of Judges rejected the admission of Mr. Pickens's letter and medical exhibits as evidence because copies of the exhibits were not sent to opposing counsel. The Office of Judges advised Mr. Pickens on how to properly submit the letter and medical exhibits; however, Mr. Pickens did not properly resubmit the medical exhibits.

Under West Virginia Code §§ 23-4-1 (2008), 23-4-6b (2009), and 23-4-15(c) (2010), benefits are granted when there is hearing loss from trauma or exposure to hazardous level of noise in the course of and as the result of the claimant's employment. A factual determination is made from the evidence as to whether the claimant's hearing loss is related to his employment. The Office of Judges held the claim compensable for noise induced hearing loss. Mr. Pickens's counsel stated that Mr. Pickens objected to the Order with regard to the date of last exposure, but the Office of Judges affirmed the Order because no evidence was properly submitted on this particular issue by Mr. Pickens. The Board of Review reached the same reasoned conclusions in its decision of April 22, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 14, 2013**

2

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II


**DISSENTING:**

Justice Menis E. Ketchum